No. 98-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 260

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RONALD BEAVERS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Attorney at Law; Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General; Helena, Montana

Brant Light, Cascade County Attorney; Susan Weber; Deputy

County Attorney; Great Falls, Montana


Submitted on Briefs: October 29, 1998

Decided: October 26, 1999

Filed:


_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶ **Ronald Beavers was charged in the Eighth Judicial District Court, Cascade County, with resisting arrest and criminal endangerment. He pled guilty to resisting arrest, and a jury found him guilty of criminal endangerment. Beavers appeals his conviction of criminal endangerment. We affirm.**

¶ **Our decision is based on the following issues:**

¶ **1. Did the District Court err when it refused to instruct the jury that reckless driving is a lesser included offense of criminal endangerment?**

¶ 2. Did the District Court violate Beavers' constitutional right when it did not allow him to cross-examine the State's witness about reckless driving?

¶ 3. Did the District Court err when it did not allow Beavers to argue an alternative theory that he committed reckless driving, even if it is not a lesser included offense of criminal endangerment?

¶ 4. Did the District Court violate Beavers' constitutional protection against double jeopardy when it arraigned him after the jury was empaneled and sworn?

¶ 5. Did the District Court err when, under the doctrine of *res gestae*, it admitted evidence of inflammatory statements made by the passenger in Beavers' car and evidence of Beavers' act of resisting arrest?

¶ 6. Did the District Court err when it admitted evidence of Beavers' felony warrant and his classification as an escape risk?

¶ 7. Did the District Court err when it admitted photographs of Beavers' vehicle?

¶ 8. Did the District Court commit cumulative error requiring a reversal of Beavers' conviction?

## FACTUAL BACKGROUND

¶ Ronald Beavers was stopped for speeding on the evening of December 7, 1996, at approximately 7:00 p.m. The police officer informed Beavers that his vehicle was identified as being involved in a hit-and-run accident earlier that day. The officer asked Beavers to produce a registration, license, and proof of insurance for the vehicle. Beavers could not produce any of these, so he gave the officer an identification card. In response to the officer's request, the passenger in Beavers' car, Geneva White Beavers, became verbally abusive to the officer.

¶ When the officer returned to the patrol car to conduct a routine check on Beavers, he learned that an active warrant was outstanding for Beavers' arrest. He approached Beavers' vehicle a second time and informed him of the warrant. The officer instructed Beavers to get out of the car. Instead, Beavers started the engine and drove away, spraying the officer with gravel.

¶ A pursuit ensued and two patrol cars drove behind Beavers. The record indicates that Beavers drove in excessive speeds through a residential neighborhood and traveled around corners without slowing down. Road conditions were snow-packed and icy. At a busy thoroughfare, Beavers ran a stop sign and almost collided with a truck. A pedestrian crossing the street had to jump out of Beavers' way to avoid being hit. After several minutes, one of the officers pulled his patrol car in front of Beavers. Beavers' vehicle collided with the back end of the patrol car twice. The patrol car fishtailed and the officer hit his head inside the car. When the patrol car stopped, Beavers was boxed in by another patrol car positioned behind him.

¶ The officers immediately exited their cars with their guns drawn. Beavers did not comply with the officers' instructions to get out of the car. Instead, Beavers appeared to rummage around in his vehicle. He yelled obscenities to the police officers and the words, "Shoot me!" Finally, one of the officers aimed pepper spray through the opening of Beavers' car window. The officers then opened the car door and grabbed Beavers, who was kicking and screaming.

¶ On December 26, 1996, Beavers was charged in the Eighth Judicial District Court, Cascade County, with felony criminal endangerment for "failing to observe posted speed and traffic signs while driving a vehicle in an erratic manner through residential areas and/or ramming a police vehicle." He also was charged with misdemeanor resisting arrest for "prevent[ing] or attempt[ing] to prevent [o] fficers . . . from effecting an arrest by using or threatening to use physical force or violence against said officers." The information erroneously alleged that Beavers committed both offenses on June 22, 1996.

¶ On January 14, 1997, Beavers was arraigned on the information and entered pleas of not guilty. A trial was scheduled for August 25, 1997. On August 18, 1997, the State filed an amended information to reflect the accurate date of the alleged offenses. Beavers pled guilty to the resisting arrest charge the morning of August 25, 1997, before trial, and indicated his decision to proceed to trial on the criminal endangerment charge. Voir dire was conducted, the jury was selected and sworn, and the trial was adjourned for lunch. After lunch, outside the presence of the jury, the District Court formally arraigned Beavers on the amended charge of criminal endangerment, and Beavers formally entered a plea of not guilty.

¶ During trial, the District Court refused to allow Beavers to argue that he

committed the crime of reckless driving and not criminal endangerment, and similarly refused to instruct the jury that reckless driving is a lesser included offense of criminal endangerment. The District Court also did not allow Beavers to cross-examine the arresting police officer regarding the existence of a reckless driving charge. The District Court overruled Beavers' objections to statements that Geneva White Beavers made to the police officer, his objections to entering into evidence his plea of guilty to resisting arrest, his objections to admitting evidence of his felony warrant and classification as an escape risk, and his objections to admitting photographs of his vehicle.

¶ The jury found Beavers guilty of criminal endangerment. The District Court sentenced him to ten years at the Montana State Prison with five years suspended for criminal endangerment to run concurrently with a sentence of six months in the county jail for resisting arrest.

¶ Beavers appeals his conviction and argues that the District Court committed reversible error.

## STANDARD OF REVIEW

¶ Our standard of review of a district court's discretionary rulings in a criminal case is abuse of discretion. *See State v. Sullivan* (1994), 266 Mont. 313, 324, 880 P.2d 829, 836. We give broad discretion to a district court in formulating jury instructions. *See State v. Goulet* (1997), 283 Mont. 38, 41, 938 P.2d 1330, 1332 (citing *State v. Ross* (1995), 269 Mont. 347, 358, 889 P.2d 161, 167). We also give broad discretion to a district court to limit the scope of cross-examination to those issues it determines are relevant to the trial. *See Sullivan*, 266 Mont. at 323, 880 P.2d at 836. In regard to evidentiary matters, it is within the district court's discretion to determine whether or not evidence is relevant and admissible. *See State v. Crist* (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054. Absent a showing of an abuse of discretion, we will not overturn a district court's determinations on evidentiary matters. *See Crist*, 253 Mont. at 445, 833 P.2d at 1054.

¶ A district court's decision to deny defendant's motion to dismiss on the basis of double jeopardy is a question of law. Our standard of review of a district court's conclusion of law is whether the court's interpretation of the law is correct. *See State v. Barker* (1993), 260 Mont. 85, 88, 858 P.2d 360, 362 (citing *Steer, Inc. v. Department*

*of Revenue* **(1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).**

## ISSUE 1

¶ **Did the District Court err when it refused to instruct the jury that reckless driving is a lesser included offense of criminal endangerment?**

¶ **It is a fundamental rule that a criminal defendant is entitled to jury instructions that cover every issue or theory having support in the evidence.** *See State v. Gopher* **(1981), 194 Mont. 227, 229, 633 P.2d 1195, 1196. Under Montana law, a defendant is entitled to a jury instruction on a lesser included offense when one of the parties requests it and when the record contains evidence from which the jury could rationally find the defendant guilty of the lesser offense and acquit of the greater.** *See State v. Howell*, **1998 MT 20, ¶ 19, 287 Mont. 268, ¶ 19, 954 P.2d 1102, ¶ 19 (citing § 46-16-607(2), MCA;** *State v. Castle* **(1997), 285 Mont. 363, 948 P.2d 688). However, in order for the District Court to instruct the jury on a lesser included offense, the offense must actually constitute an included offense of the crime charged.** *See State v. Martinez* **(1998), 291 Mont. 306, 309, 968 P.2d 705, 707;** *see also, State v. Smith* **(1996), 276 Mont. 434, 443, 916 P.2d 773, 778;** *State v. Steffes* **(1994), 269 Mont. 214, 232, 887 P.2d 1196, 1207;** *State v. Fisch* **(1994), 266 Mont. 520, 522, 881 P.2d 626, 628.**

¶ **Beavers argues that he was entitled to have the jury instructed that reckless driving is a lesser included offense of criminal endangerment. In his Proposed Instruction No. 2, he requested the District Court to instruct the jury: "In the event you find the defendant not guilty of Criminal Endangerment, you must then consider the lesser included offense of Reckless Driving." In his Proposed Instructions Nos. 4, 5, and 6, Beavers requested the District Court to instruct the jury of the elements of reckless driving.**

¶ **Whether a particular offense can be considered an included offense of the crime charged must be analyzed under the provisions of § 46-1-202(8), MCA. Section 46-1-202(8), MCA, defines an included offense as one that:**

(a) [I]s established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(b) consists of an attempt to commit the offense charged or to commit an offense

otherwise included in the offense charged; or

(c) differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

We must consider each of these definitions separately in respect to the statutory definitions of the offenses involved. The statutory definition of criminal endangerment is to knowingly engage in conduct that creates a substantial risk of death or serious bodily injury to another. *See* § 45-5-207, MCA. The statutory definition of reckless driving requires the operation of a vehicle in willful or wanton disregard for the safety of persons or property. *See* § 61-8-301, MCA.

## Section 46-1-202(8)(a), MCA

**¶ In the past this Court has applied the *Blockburger* test to determine whether a crime is an included offense of the crime charged pursuant to § 46-1-202(8)(a), MCA. *See, e.g., State v. Greywater* (1997), 282 Mont. 28, 32-33, 939 P.2d 975, 977-78; *Smith*, 276 Mont. at 443, 916 P.2d at 778-79. This test provides that:**

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309. Under *Blockburger*, we have stated that if each offense requires proof of a fact that the other does not, notwithstanding a substantial overlap in the proof offered to establish the crimes, one cannot be a lesser included offense of the other. *See Greywater*, 282 Mont. at 32, 939 P.2d at 977; *Iannelli v. United States* (1975), 420 U.S. 770, 785 n.17, 95 S. Ct. 1284, 1294 n.17, 43 L. Ed. 2d 616, 627 n.17.

**¶ Upon reflection, we conclude that we have improvidently applied *Blockburger* to our included offense analysis under § 46-1-202(8)(a), MCA. *Blockburger* was a United States Supreme Court case involving a double jeopardy question; the case did not directly address a lesser included offense analysis. Pursuant to § 46-1-202(8)(a),**

MCA, an included offense is one which is established by the same or less than all the facts required to establish the commission of the offense charged. Under *Blockburger*, an included offense is one which requires proof of a fact that the offense charged does not. Because the statutory definition of included offense found at § 46-1-202(8)(a), MCA, is clear, references to *Blockburger* may unnecessarily confuse the issue. Therefore, from thence forward, we are going to adhere to the statutory analysis required by § 46-1-202(8)(a), MCA, without reference to *Blockburger*.

¶ Under § 46-1-202(8)(a), MCA, Beavers must establish that the crime of reckless driving requires the same or less than all the facts required to establish the commission of criminal endangerment. Beavers focuses on the individual facts of this case and argues that reckless driving should constitute an included offense of criminal endangerment when criminal endangerment is used to prosecute individuals for a driving offense. He argues that driving is simply a subset of a larger group of activities that can give rise to criminal endangerment. He also contends that no additional evidence is required to prove reckless driving than that required to prove criminal endangerment.

¶ In contrast, the State focuses on the elements of the two relevant offenses and argues that since the elements of reckless driving and criminal endangerment are different, reckless driving cannot be a lesser included offense. The State points out that whereas reckless driving requires a showing of willful and wanton disregard, criminal endangerment requires a knowing act; whereas reckless driving requires driving a vehicle, criminal endangerment does not; and whereas reckless driving requires a disregard for the safety of others irrespective of the degree of risk, criminal endangerment requires a substantial risk of death or serious bodily injury.

¶ The State is correct in its assessment. We have consistently stated that the term, "facts," refers to the statutory elements of the offenses, not the individual facts of the case. *See Greywater*, 282 Mont. at 34, 939 P.2d at 978; *Smith*, 276 Mont. at 443, 916 P.2d at 778. Thus, reckless driving cannot be a lesser included offense of criminal endangerment under § 46-1-202(8)(a), MCA.

## Section 46-1-202(8)(b), MCA

¶ Beavers also argues that he was entitled to an instruction that reckless driving is an included offense of criminal endangerment under § 46-1-202(8)(b), MCA. To sustain

this argument, however, the crime of reckless driving would have to consist of an attempt to commit the crime of criminal endangerment or to commit an offense otherwise included in criminal endangerment. Beavers argues that the second part of this definition applies here, and that he committed the offense of reckless driving which is otherwise included in the offense of criminal endangerment. His reasoning relies on the assumption that reckless driving is an included offense of criminal endangerment, so his argument must fail. Furthermore, the language of § 46-1-202(8)(b), MCA, requires an attempt to commit a crime, and since an attempted crime is not at issue here, we conclude that reckless driving cannot be a lesser included offense of criminal endangerment under § 46-1-202(8)(b), MCA.

### Section 46-1-202(8)(c), MCA

¶ Beavers argues, in the alternative, that reckless driving satisfies the definition of an included offense under § 46-1-202(8)(c), MCA, because it differs from criminal endangerment "only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Beavers contends that the only difference between reckless driving and criminal endangerment, when applied to a driving incident, is the level of culpability. However, we already recognized that reckless driving requires proof of at least three different elements--culpability, the act of driving a car, and a disregard for the safety of persons or property. Therefore, Beavers' contention is incorrect.

¶ In conclusion, we determine that reckless driving is a distinct offense and not an included offense of criminal endangerment. To constitute reversible error of a district court's broad discretion in formulating jury instructions, the district court's ruling must prejudicially affect the defendant's substantial rights. *See Goulet*, 283 Mont. at 41, 938 P.2d at 1332 (citing *State v. Bradley* (1995), 269 Mont. 392, 395, 889 P.2d 1167, 1168). Since Beavers does not have a right to an instruction on reckless driving, we conclude that the District Court did not err when it denied his proposed instruction.

### ISSUE 2

¶ Did the District Court violate Beavers' constitutional right when it did not allow him to cross-examine the State's witness about reckless driving?

¶ Beavers contends that the District Court violated his right under the Sixth Amendment of the United States Constitution to cross-examine the State's witness, and it inhibited his ability to defend his case. *Cf. State v. Gollehon* (1993), 262 Mont. 1, 17, 864 P.2d 249, 259, *cert. denied* (1994), 513 U.S. 827, 115 S. Ct. 95, 130 L. Ed. 45. In particular, Beavers wanted to cross-examine the police officer who wrote him a citation, which stated that he "[k]nowingly engag[ed] in conduct[,] [drove] at high speeds in residential areas, [and] created a substantial risk of death to the public." Beavers argues that the citation influenced the State in determining what charge to pursue against him and that, in effect, the police officer charged him with criminal endangerment. Hence, he believes that he should have been given an opportunity to question the officer about whether any alternative charges were more appropriate. Beavers again suggests that a charge of reckless driving would have been more appropriate than the charge of criminal endangerment.

¶ Even though a defendant's right to confront and cross-examine an adverse witness is grounded in the Sixth Amendment to the United States Constitution, and Article II, Section 24, of the Montana Constitution, a trial court has broad discretion to limit the scope of cross-examination to those issues it determines are relevant to the trial. *See Sullivan*, 266 Mont. at 323, 880 P.2d at 836 (citing *United States v. Kennedy* (9th Cir. 1983), 714 F.2d 968, 973, *cert. denied* (1984), 465 U.S. 1034, 104 S. Ct. 1305, 79 L. Ed. 2d 704). Limiting the scope of cross-examination does not necessarily violate a defendant's right to confront an adverse witness. *See Sullivan*, 266 Mont. at 323, 880 P.2d at 836 (citing *Sloan v. State* (1989), 236 Mont. 100, 104-05, 768 P.2d 1365, 1368). We hold that since charging a defendant is a prosecutorial function and not that of the arresting officer, Beavers had no basis for his line of questioning the police officer on grounds of reckless driving. His questions were not relevant to the case. Furthermore, Beavers had the right to present a defense to the offense charged and was still able to argue that the State failed to meet its burden of proof on the elements of criminal endangerment. Thus, we conclude that by not allowing Beavers to cross-examine the police officer, the District Court did not violate Beavers' right under the Sixth Amendment, nor did it inhibit Beavers' ability to defend his case.

## ISSUE 3

¶ Did the District Court err when it did not allow Beavers to argue an alternative theory that he committed reckless driving, even if it is not a lesser included offense of criminal endangerment?

¶ Beavers maintains that a criminal defendant is entitled to jury instructions that cover every issue or theory having support in the evidence. *See Gopher*, 194 Mont. at 229, 633 P.2d at 1196. He argues that even if reckless driving is not an included offense of criminal endangerment, the District Court should have given his requested instruction on reckless driving as an alternative theory. Without an alternative theory, Beavers contends that the jury convicted him of criminal endangerment simply because they believed he was guilty of something, even if it was a lesser offense. *Cf. United States v. Johnson* (9th Cir. 1980), 637 F.2d 1224, 1233.

¶ However, Beavers misinterprets our decision in *Gopher*. This Court has consistently applied the rule of law set out in *Gopher* only as it relates to instructions on lesser included offenses, not alternative offenses. *See, e.g., State v. Schmalz*, 1998 MT 210, 964 P.2d 763, 55 St. Rep. 889; *State v. Howell*, 1998 MT 20, 287 Mont. 268, 954 P.2d 1102; *State v. Castle* (1997), 285 Mont. 363, 948 P.2d 688; *State v. Gray* (1983), 202 Mont. 445, 659 P.2d 255. The rule of law we apply to alternative offenses is that of prosecutorial discretion. *See Schmalz*, ¶ 9 (citing *State v. Booke* (1978), 178 Mont. 225, 230, 583 P.2d 405, 408). In *Schmalz*, we applied these different rules of law respectively to a lesser included offense argument and an alternative offense argument. As the law relates to an alternative offense, we stated that "[w]here the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion." *Schmalz*, ¶ 9.

¶ We conclude that the District Court did not err when it did not allow Beavers to argue that he committed reckless driving as an alternative offense.

ISSUE 4

¶ Did the District Court violate Beavers' constitutional protection against double jeopardy when it arraigned him after the jury was empaneled and sworn?

¶ Beavers next argues that because the District Court did not arraign him on the charge of criminal endangerment until after the jury was empaneled and sworn, it violated his constitutional protection against double jeopardy. He refers us to *Crist v. Bretz* (1978), 437 U.S. 28, 98 S. Ct. 2156, 57 L. Ed. 2d 24, as the basis for his argument. However, *Crist* does not control the facts presented here.

¶ In *Crist*, the United States Supreme Court held that the defendant's constitutional

protection against double jeopardy was violated when, after empaneling a jury, the trial court dismissed the case to permit the prosecution to file a new information to correct the date of the alleged crime. The court then empaneled a second jury to try the defendant on the new information.

¶ Beavers argues the facts in *Crist* are analogous and should control the outcome of his case. We conclude, however, that *Crist* is distinguishable. Here, the State did not file a new information after the jury was empaneled, dismiss the case, or empanel a second jury. More significantly, the precise issue in *Crist* was whether jeopardy attached once the first jury was empaneled and sworn, thus constitutionally precluding the trial court from empaneling a second jury on the new information. The issue in Beavers' case is not whether jeopardy attached; certainly it did. Instead, we are asked whether arraigning a defendant after jeopardy attaches triggers double jeopardy considerations.

¶ Double jeopardy protects a criminal defendant from a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after conviction, or multiple punishments for the same offense. *See State v. Chasse* (1989), 240 Mont. 341, 343, 783 P.2d 1370, 1371; *State v. Wirtala* (1988), 231 Mont. 264, 269, 752 P.2d 177, 181. The basic protection of the Double Jeopardy Clause is the prevention of successive prosecutions and the attendant threat of multiple punishments. *See Wirtala*, 231 Mont. at 269, 752 P.2d at 181. Beavers was not put in jeopardy twice and his constitutional rights were not violated. The mere fact that Beavers was arraigned on the amended charge of criminal endangerment after the jury was empaneled and sworn is not a successive prosecution. He was only prosecuted once for the offense.

## ISSUE 5

¶ Did the District Court err when, under the doctrine of *res gestae*, it admitted evidence of inflammatory statements made by the passenger in Beavers' car and evidence of Beavers' act of resisting arrest?

¶ Beavers contends that the District Court erred when it allowed prosecution witnesses to offer hearsay statements made by Geneva White Beavers which consisted of verbally abusive insults directed at the arresting officer. He argues the statements were hearsay, were not relevant to the issue of whether he committed

criminal endangerment, and were unduly prejudicial given their inflammatory nature. Nonetheless, the District Court admitted these statements under the doctrine of *res gestae*.

¶ The doctrine of *res gestae* allows evidence to be admitted regarding the circumstances, facts, and declarations which grow out of the main fact, which are contemporaneous with it and serve to illustrate its character. *See State v. Hensley* (1976), 171 Mont. 38, 43, 554 P.2d 745, 748. This evidentiary doctrine allows the jury to consider evidence which tends to explain circumstances surrounding the charged offense as relevant, probative, and competent and as part of the same litigated event. *See State v. Wing* (1994), 264 Mont. 215, 224-25, 870 P.2d 1368, 1374. The *res gestae* doctrine, also referred to in Montana as the "transaction" rule, has been codified at § 26-1-103, MCA, as follows: "Where the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction."

¶ We conclude that the District Court properly admitted Geneva White Beavers' statements as part of the *res gestae*. The statements were made by White Beavers immediately after Beavers was stopped for speeding just prior to his attempt to avoid arrest on an outstanding warrant. The statements could properly be characterized as part of the same transaction which included the acts which formed the basis of the criminal endangerment offense. Furthermore, we conclude that the relevance of the statements outweighed any possible prejudice to the defendant.

¶ Beavers also contends that evidence of his acts of resisting arrest should not have been admitted to the jury. He argues that whatever relevance that evidence may have had was outweighed by its prejudicial effect, and that the District Court failed to address whether the evidence was either relevant or prejudicial.

¶ Again, we conclude that the evidence was admissible under the *res gestae* rule. "Admissibility is predicated on the jury's right to hear what transgressed immediately prior and subsequent to the commission of the offense charged, so that they may evaluate the evidence in the context in which the criminal act occurred." *Wing*, 264 Mont. at 225, 870 P.2d at 1374. Failure to admit evidence of Beavers' conduct of resisting arrest would have left the jury with an incomplete picture of all the acts that transpired to result in Beavers' criminal endangerment charge. Again, the relevance of this evidence outweighed any possible prejudice to Beavers.

¶ We conclude that the District Court did not abuse its discretion by admitting evidence of Geneva White Beavers' statements and Beavers' conduct of resisting arrest.

## ISSUE 6

¶ Did the District Court err when it admitted evidence of Beavers' felony warrant and his classification as an escape risk?

¶ Beavers further contends that the District Court should not have admitted evidence of his felony warrant and classification as an escape risk because this, too, was prejudicial. We do not agree. The record shows that this evidence was admitted in response to Beavers' allegation that the police officers were unjustified in continuing their pursuit of him during the car chase. The District Court determined that the fact that the police officers knew there was an outstanding felony warrant issued for Beavers' arrest and that he was classified as an escape risk was relevant evidence which supported their decision to continue the chase. Thus, the District Court did not err when it allowed the State to introduce such evidence. Evidence of Beavers' felony warrant and classification as an escape risk was inextricably linked to the question of whether the officers were justified in continuing the chase.

## ISSUE 7

¶ Did the District Court err when it admitted photographs of Beavers' vehicle?

¶ Beavers also argues that the District Court abused its discretion when it admitted photographs of his vehicle, labeled as State's Exhibits D and E, among a series of photographs that depicted the front end of Beavers' vehicle where it came to rest against the back end of a patrol car at the culmination of the car chase. Beavers asserts that the photographs did not accurately reflect his vehicle's condition as a result of its impact with the patrol car. Instead, the photographs showed the damage done to it as a result of its previous collision. Beavers argues that State's Exhibits D and E were unduly prejudicial against him because they could cause the jury to infer that he acted dangerously on other occasions.

¶ Beavers' argument is not persuasive. Prior to offering the photographs, the State elicited testimony that established that the damage to Beavers' vehicle depicted in the

photographs was not caused by an impact with the patrol car. Furthermore, we conclude that the probative value of the photographs, showing the location of the vehicles at the end of the chase, outweighed any prejudicial effect. *Cf. State v. McKeon* (1997), 282 Mont. 397, 404, 938 P.2d 643, 647; *State v. Henry* (1990), 241 Mont. 524, 531, 788 P.2d 316, 320 (citing *State v. Grant* (1986), 221 Mont. 122, 136, 717 P.2d 562, 572).

¶ Once again, we conclude that the District Court did not err.

ISSUE 8

¶ Did the District Court commit cumulative error requiring a reversal of Beavers' conviction?

¶ Beavers' final argument is that even if the individual errors of the District Court are not sufficient to warrant a reversal, the number of errors should cause us to reverse his conviction. We do not apply the cumulative error doctrine when no errors have been shown. *See State v. Gregoroff* (1997), 287 Mont. 1, 8, 951 P.2d 578, 582. Thus, we hold that Beavers is not entitled to a reversal of his conviction.

¶ Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY

Justice Terry N. Trieweiler specially concurring and dissenting.

¶62 I concur with the majority's conclusions that the District Court did not err by limiting cross-examination of the investigating officer or by admitting photographs of the vehicle which had been operated by the defendant. I also concur that the defendant was not placed twice in jeopardy by being arraigned on the amended information after his jury had been impaneled and sworn.

¶63 I dissent from the majority's conclusions that the District Court did not err when it refused to instruct the jury on the lesser included offense of reckless driving, or when it admitted the irrelevant and inflammatory evidence about which the defendant has complained on appeal.

INCLUDED OFFENSE ISSUE

¶64 Pursuant to statute in Montana, a defendant is entitled to have the jury instructed on a lesser included offense which is supported by the evidence. Section 46-16-607, MCA, provides, in relevant part:

(2) A lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.

¶65 We discussed the importance of a lesser included offense instruction, when supported by the evidence, in *State v. Castle* (1997), 285 Mont. 363, 367, 948 P.2d 688, 690. There we stated:

A defendant is therefore entitled to an instruction on a lesser included offense if any evidence exists in the record from which the jury could rationally find him guilty of the lesser offense and acquit of the greater. Section 46-16-607(2), MCA; *State v. Fisch* (1994), 266 Mont. 520, 522, 881 P.2d 626, 628. The purpose of this rule is to ensure reliability in the fact-finding process. It avoids the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let his action go unpunished simply because the only alternative was acquittal. [*State v.* ]*Gopher* [(1981)], [194 Mont. 227 at 229], 633 P.2d [1195] at 1197-98.

¶66 We discussed the circumstances under which a lesser included offense instruction is required in *State v. Gopher* (1981), 194 Mont. 227, 633 P.2d 1195. In that case, the issue was whether the defendant, who had been charged with aggravated assault pursuant to § 45-5-202(1)(d), MCA, for kicking a police officer while the officer tried to arrest him, had a right at his trial to have the jury instructed on the lesser offense of resisting arrest in violation of § 45-7-301, MCA. The district court refused to instruct on the lesser offense, and on appeal the State argued that a lesser offense instruction should only be required where there is an "inherent relationship" between the offense charged and the lesser offense. This Court described the "inherent relationship" test as follows:

The "inherent relationship" test is a product of several United States Supreme Court cases culminating in *Keeble v. United States* (1973), 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844. In *Keeble* the Court held that ". . . the defendant is entitled to instructions on a lesser included offense, if evidence would permit the jury rationally to find him guilty of the lesser offense and acquit him of the greater." 412 U.S. at 208, 93 S.Ct. at 1995. In other words, the test to be applied is, if the lesser offense is supported by the evidence and is "inherently related" to the greater offense, then the instruction should be given to the jury.

*Gopher*, 194 Mont. at 229-30, 633 P.2d at 1196-97.

¶67 This Court declined to adopt the "inherent relationship" test because it concluded that it did not differ in any appreciable way from the standard that has been used in this state, which was set forth in *State v. Ostwald* (1979), 180 Mont. 530, 591 P.2d 646. That test was described as follows:

Finally, from the language of *Ostwald*, i.e., "[a] defendant is entitled to instructions on lesser included offenses if <u>any</u> evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater," 591 P.2d 651, it is clear that the instruction on resisting arrest should have been presented to the jury.

*Gopher*, 194 Mont. at 231, 633 P.2d at 1197 (emphasis added.)

¶68 It is clear that "lesser offense," as discussed in *Gopher*, is interchangeable with the statutory definition of "included offense" found at § 46-1-202(8)(a), MCA, which provides: "'Included offense' means an offense that: (a) is established by proof of the same

or less than all the facts required to establish the commission of the offense charged."

¶69 In this case, the defendant, Ronald Beavers, was charged with criminal endangerment, in violation of § 45-5-207, MCA, based on the manner in which he operated his motor vehicle through a residential neighborhood in Great Falls. His conduct consisted of traveling at an excessive rate of speed, failing to stop where required to do so, nearly colliding with a truck and pedestrian, and ultimately colliding with a patrol car.

¶70 Reckless driving, in violation of § 61-8-301(1)(a), MCA, could have been proven based on the same behavior, but based on a finding that Beavers' mental state was "willful or wanton," rather than "knowing," and that he showed "disregard for the safety of persons or property," rather than that he created "a substantial risk of death or serious bodily injury to another." Therefore, the lesser offense of reckless driving could have been established by the same "or less than all the facts required to establish the commission of the offense charged."

¶71 In paragraph 28, the majority sets forth the State's arguments and then agrees that for those reasons, reckless driving cannot be a lesser included offense of criminal endangerment pursuant to § 46-1-202(8)(a), MCA. However, the State's argument was not addressed to the plain statutory language found at § 46-1-202(8)(a), MCA, it was addressed to the now discredited "*Blockburger* test" which this Court had previously and erroneously applied to interpret the statutory definition of an included offense.

¶72 It makes no sense to do, as the majority has done, and simply adopt the State's inapplicable argument. For example, the fact that one offense requires proof of a greater degree of culpability and a greater degree of risk to others than the other offense does not preclude the latter offense from being included. On the contrary, it brings the latter included offense within the plain language of § 46-1-202(8)(a), MCA, which defines an "included offense" as one that requires proof of less than all the facts required to prove the offense charged. Furthermore, it is not true that reckless driving required proof of operating a motor vehicle while criminal endangerment did not. The State's charge of criminal endangerment was, in this case, based on the defendant's operation of his motor vehicle. That charge could not have been proven without proof that defendant operated the motor vehicle.

¶73 I conclude that reckless driving was a lesser included offense pursuant to § 46-1-202 (8)(c), MCA for the same reasons. Subsection (c) defines an included offense as one that

differs from the charged offense in that it requires proof of a less serious risk to persons or a lesser kind of culpability. Reckless driving differs from criminal endangerment as applied to the facts in this case only in the sense that a lesser degree of culpability and less risk to others needed to be proven in order to establish guilt. Reckless driving is a classic example of a lesser included offense of criminal endangerment as defined by § 46-1-202(8)(c).

¶74 In paragraph 31, the majority dismisses the applicability of subsection (c) because reckless driving required proof of driving a car, whereas criminal endangerment does not. However, that analysis is incorrect. Proof of criminal endangerment in this case required proof that Beavers drove a car. The same motor vehicle operation had to be proven to establish either criminal endangerment or reckless driving.

¶75 It is clear based on our statutory language and our precedent that Beavers was entitled to an instruction on the included offense of reckless driving. We have previously held that a defendant is entitled to a lesser included offense instruction if "any evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater." *State v. Ostwald* (1979), 180 Mont. 530, 538, 591 P.2d 646, 651. Clearly, the same evidence which permitted the jury to find Oswald guilty of criminal endangerment in this case would have permitted it to find him guilty of reckless driving and acquit him of criminal endangerment.

¶76 This case, in combination with the majority's decision in *State v. Martinosky,* 1999 MT 122, 56 St.Rep. 495, demonstrates this Court's willingness to overlook the law of lesser included offenses when it is necessary to do so in order to affirm convictions. In the process, the majority completely ignores the admonition from *State v. Castle* that:

> The purpose of this rule is to ensure reliability in the fact-finding process. It avoids the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let his action go unpunished simply because the only alternative was acquittal.

*Castle*, 258 Mont. at 367, 948 P.2d 690.

¶77 I would conclude, as this Court did in *Gopher*, that the defendant is entitled to an instruction on a lesser offense (lesser referring to the severity of the penalty) if the

evidence would permit a jury to rationally find him guilty of that offense and the conduct prohibited is reasonably related to the conduct prohibited by the offense with which the defendant is charged. I conclude that based on the facts in this case, a jury could rationally have found Beavers guilty of reckless driving, and that the offense of reckless driving is related to the offense of criminal endangerment when based on the operation of a motor vehicle. Therefore, I conclude that the District Court erred when it declined to instruct the jury on the lesser included offense of reckless driving.

¶78 I also disagree with the majority's conclusion that an offense cannot be lesser included pursuant to § 46-1-202(8)(c), MCA, when the offense requires both less culpability and involves a less serious injury or risk. I agree that that was the holding in *State v. Fisch* (1994), 266 Mont. 520, 881 P.2d 626, but conclude that *Fisch* was wrongly decided, and would reverse that case. However, based upon the previous analysis under subsection (a), further analysis under subsection (c) is not necessary in this case.

## EVIDENTIARY ERRORS

¶79 I also dissent from those parts of the majority opinion which hold that the District Court did not err when it admitted evidence of vulgar and offensive remarks made by the passenger in the defendant's vehicle prior to the time that the defendant embarked upon operation of his motor vehicle in the way that led to the charges against him. The majority concludes that those remarks were admissible as *res gestae* and concedes that *res gestae* is codified in Montana at § 26-1-103, MCA. That section provides that "[w]here the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction." Obscene and offensive remarks made by Beavers' passenger while his vehicle was stopped were not part of the transaction which was in dispute. Beavers was charged with criminal endangerment for the manner in which he operated his motor vehicle after he was stopped. Remarks made prior to the time that he operated his vehicle in that fashion had nothing to do with the transaction in dispute. In fact, they were entirely irrelevant to any issue in this case. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, M.R.Evid. The issues in this case involve the manner in which Beavers operated his motor vehicle, whether he did so knowingly, and whether in doing so he caused risk of serious bodily injury or death to someone else. Remarks made by a passenger in his vehicle prior to the time that he embarked on the journey which led to his charges had no

tendency to make any fact of consequence more or less probable.

¶80 I would conclude that what has been said in this opinion about the remarks of Beavers' passenger also applies to the evidence that there was a felony warrant for Beavers, that he was considered an escape risk, and that he resisted arrest after his vehicle was stopped.

¶81 The majority concludes that evidence of a felony warrant and the fact that Beavers was thought to be an escape risk was relevant to explain why the arresting officers were justified in their pursuit of the defendant. However, justification for the officers' pursuit was not necessary to prove Beavers' guilt. The officers were not on trial for pursuing Beavers. He was on trial for trying to elude them. The fact that the officers may have acted unreasonably by pursing Beavers through the same neighborhood and at the same speed which formed the basis for charges of criminal endangerment was not an affirmative defense to the charges against Beavers.

¶82 For the foregoing reasons, I dissent from the majority opinion. I would reverse the judgment of the District Court and remand for a new trial with proper instructions to the jury and exclusion of evidence which was irrelevant, inflammatory, and prejudicial.

/S/ TERRY N. TRIEWEILER

Justice William E. Hunt Sr. joins in the foregoing specially concurring and dissenting opinion.

/S/ WILLIAM E. HUNT, SR.