JUSTICE WARNER
delivered the Opinion of the Court.
¶1 Kim Wardell (Wardell) was convicted by a Flathead County jury for failing to register as a sex offender. Wardell had previously been convicted of a felony in South Dakota, and was sentenced as a persistent felony offender. He was originally sentenced to forty-five years in prison with thirty years suspended. He appealed; however, this Court concluded his counsel had not properly preserved the issues for appeal and declined to address Wardell’s arguments. State v. Wardell, 2001 MT 148N, 306 Mont. 534. Wardell then filed a petition for post-conviction relief alleging ineffective assistance of counsel. The District Court granted his petition and vacated his sentence. Wardell was re-sentenced to five years for failure to register and twenty years, suspended, as a persistent felony offender. Wardell appeals, challenging his second sentence.
¶2 We restate the issues before us as follows:
¶3 1. Whether the persistent felony offender statute, § 46-18-501, MCA, violates double jeopardy protections when it is applied to a subsequent conviction for failure to register as a sex offender, and the previous conviction is for the sex offense which triggered the registration requirement?
¶4 2. Whether application of the persistent felony offender statute to increase Wardell’s sentence by twenty years, for a total of twenty-five years with twenty years suspended, creates a sentence so disproportionate that it violates the prohibition against cruel and unusual punishment?
¶5 We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
¶6 Wardell was convicted in South Dakota of the felony offense of *11 sexual contact with a child under sixteen. In 1997 Wardell was charged with failure to register as a sex offender, a felony, in violation of § 46-23-507, MCA; three counts of sexual intercourse without consent; and two counts of sexual assault.
¶7 The State filed a timely notice of intent to seek treatment of Wardell as a persistent felony offender pursuant to § 46-18-501, MCA, based upon Wardell’s prior sex offense[1].
¶8 A Flathead County jury found Wardell guilty of failure to register as a sex offender, and not guilty of one count of sexual intercourse without consent and one count of sexual assault. The jury could not reach a verdict on the two remaining counts of sexual intercourse without consent and the remaining count of sexual assault. The State later dismissed those charges. The District Court entered judgment and sentenced Wardell to five years in the Montana State Prison for failing to register.
¶9 Pursuant to the State’s request, the District Court also designated Wardell a persistent felony offender under § 46-18-501, MCA, and sentenced him to an additional, consecutive, sentence of forty years in the Montana State Prison, with thirty years suspended.
¶10 Wardell appealed his sentence to this Court. We declined to address Wardell’s contentions, because his counsel had failed to properly preserve the issues for appeal. Wardell filed a petition for postconviction relief and the District Court granted his petition and vacated his sentence. Thereafter, the District Court re-sentenced Wardell to the Montana State Prison for a term of five years for failure to register as a sex offender and an additional, consecutive, twenty years, pursuant to the persistent felony offender statute. The prior offense that qualified Wardell as a persistent felony offender was the South Dakota sex offense that triggered the requirement that he register. It is from this second sentence that Wardell now appeals.
STANDARD OF REVIEW
¶11 A district court’s decision to deny a defendant’s motion to dismiss a charge on the basis of double jeopardy presents a question of law that this Court reviews for correctness. State v. Beavers, 1999 MT 260, ¶ 21, 296 Mont. 340, ¶ 21, 987 P.2d 371, ¶ 21.
¶12 Whether a prior conviction can be used to enhance a criminal *12 sentence is a matter of law. State v. Bingman, 2002 MT 350, ¶ 55, 313 Mont. 376, ¶ 55, 61 P.3d 153, ¶ 55 (citing State v. Jackson, 2002 MT 212, ¶ 7, 311 Mont. 281, ¶ 7, 54 P.3d 990, ¶ 7). Our standard of review for a district court’s conclusion of law is plenary and we must determine whether the court’s conclusion was correct. Bingman, ¶ 55 (citing Jackson, ¶ 7).
¶13 It is possible that a sentence, though it be within the maximum sentence allowed by statute, may be so excessive and disproportionate to the circumstances of the offense as to constitute cruel and unusual punishment. State v. Maldonado (1978), 176 Mont. 322, 337, 578 P.2d 296, 304-305; Weems v. United States, (1910), 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793. However, the general rule is that a sentence within the maximum authorized by statute is not cruel and unusual punishment. Maldonado, 176 Mont. at 337, 578 P.2d at 305; State v. Karathanos (1972), 158 Mont. 461, 468, 493 P.2d 326, 330.
DISCUSSION ISSUE 1
¶14 Whether the persistent felony offender statute, § 46-18-501, MCA, violates double jeopardy protections when it is applied to a subsequent conviction for failure to register as a sex offender, and the previous conviction is for the sex offense which triggered the registration requirement?
¶15 Wardell argues that his conviction for failure to register, and his sentencing as a persistent felony offender, constitute double jeopardy because each relies on the same underlying conviction.
¶16 Conversely, the State argues that independent elements are required for each offense and thus Wardell’s conviction and sentence do not constitute double jeopardy.
¶17 The Fifth Amendment to the United States Constitution and Article II, § 25 of the Montana Constitution prohibit placing a person in jeopardy more than once for the same offense. State v. Minez, 2003 MT 344, ¶ 33, 318 Mont. 478, ¶ 33, 82 P.3d 1, ¶ 33. Montana law provides greater double jeopardy protection than that guaranteed under federal law. See State v. Tadewaldt (1996), 277 Mont. 261, 268, 922 P.2d 463, 467.
¶18 In Montana, a single act may be an offense against two statutes. If each statute requires proof of a fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. State v. Savaria (1997), 284 Mont. 216, 222, 945 P.2d 24, 28 (quoting *13 Blockburger v. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309). It follows that if a person may be convicted of two crimes, he may be punished for both.
¶19 Wardell was convicted and punished in South Dakota for sexual contact with a child under sixteen, a felony. Later, he was convicted and punished in Montana for failure to register as a sexual offender, a felony. Wardell’s punishment in Montana was enhanced pursuant to § 46-18-501, MCA, because of the commission of two separate felonies within a specified period of time. A sentence as an habitual criminal is not to be viewed as a new jeopardy. State v. Farnsworth (1989), 240 Mont. 328, 334, 783 P.2d 1365, 1369; Maldonado, 176 Mont. at 328, 578 P.2d at 300; Gryger v. Burke, (1948), 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683, 1687. The enhanced sentence Wardell received was for commission of the second crime. It did not violate the double jeopardy provisions of either the United States or Montana constitutions.
¶20 In support of his position Wardell relies on authority from other states which prohibit the dual use of a prior conviction as both an element of the present conviction and for sentence enhancement purposes. Some of these states have express statutory language prohibiting the dual use of a prior conviction, other states interpret their statutes to prohibit the dual use. See State v. Pottoroff (Kan. App. 2004), 96 P.3d 280, 284 (reviewing Kansas Statute 21-4710(11) providing “[pjrior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties ... or are elements of the present crime of conviction.”); Wisdom v. State (Tex. App. 1986), 708 S.W.2d 840, 845 (interpreting V.T.C.A. Penal Code Sec. 12.46 to bar the subsequent use of a prior conviction for enhancement if that same prior conviction is used to prove an essential element of an offense).
¶21 Other states have concluded that their respective legislatures intended that all felony offenders, even those offenders whose subsequent felony is dependent on the underlying felony conviction, be punished under the state’s persistent or habitual felony offender statute. See People v. Tillman (1999), 73 Cal. App. 4th 771, 782 (concluding that its legislature intended to punish all recidivists); Gholston v. State (Ala., 1993), 620 So.2d 719, 723 (concluding that its legislature intended that a person previously convicted of a violent felony and subsequently convicted of unlawful possession of a firearm should be sentenced under the Habitual Felony Offender Act just like any other person who has multiple felony convictions); Woodson v. State (Ark., 1990), 786 S.W.2d 120, 120 (affirming trial court’s ruling *14 that the State could use appellant’s prior conviction to prove the first element of the crime of felon in possession of a firearm (i.e., that appellant was a felon), and then allowed the State to use the same prior conviction to enhance appellant’s punishment as a habitual offender).
¶22 In Tillman, the defendant was convicted of failure to register as a sex offender and he appealed his sentence arguing that the State impermissibly used his prior rape conviction both to establish that he failed to register and as a strike under California’s three strikes law. Tillman, 73 Cal. App. 4th at 774. There, the court concluded that such dual usage was proper as the legislature’s intent was clear that its three strikes law was intended to apply to all felony offenders.
¶23 Like the California statutes, the sentencing statutes in Montana allow Wardell’s sentence. Montana’s persistent felony offender sentencing scheme expressly applies to an “offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first.” Section 46-18-501, MCA. Because Wardell was previously convicted of a felony in South Dakota and was then convicted in Montana for a second, separate, felony; the dual use of his prior conviction is authorized by statute. It is well established that “the role of courts in applying a statute has always been to ‘ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.’ “ State v. Goebel, 2001 MT 73, ¶ 16, 305 Mont. 53, ¶ 16, 31 P.3d 335, ¶ 16. Here, we will not add or insert a prohibition against utilizing Wardell’s previous felony both as a prior felony for purposes of the persistent felony offender statute and as the felony triggering his duty to register as a sexual offender. “[T]he intent of the Legislature is controlling when construing a statute. ‘The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation.’” Goebel, ¶ 17. The legislature did not create classes of convicted felons to which the persistent offender statute would apply; nor, did it designate status offenses, such as failure to register as a sexual or violent offender. What the legislature did do was designate failure to register as a felony offense and adopt a persistent felony offender statute that applies to all felony offenders who commit multiple felony offenses within a defined period of time.
¶24 The dissent fails to recognize that the application of the persistent felony offender statute in no way involves the Court’s decision in State *15 v. Mount, 2003 MT 275, 317 Mont. 481, 78 P.3d 829. In Mount, the issue was whether the Sexual Offender Registration Act, §§ 46-23-501 to 520, MCA, was punitive and constituted ex post facto legislation. Mount, ¶ 38. The Court held that it was neither. Mount, ¶¶ 89-90. In this case, the issue is entirely different - does a proven violation of the Act, which is a felony under §§ 46-23-507, 45-2-101(23), MCA, that triggers an enhanced sentence because the offender is designated a persistent felony offender, constitute double jeopardy? It does not. Section 46-23-507, MCA, provides that one who fails to register maybe sentenced to Montana State Prison for up to five years. Section 46-18-502, MCA, simply changes the penalty provision of § 46-23-507, MCA, because it is the second felony within five years. It is the same offense, with an increased possible penalty. There is no additional, double penalty.
¶25 It is not a crime to be a persistent felony offender. Thus, it cannot constitute double jeopardy to be designated as such. However, it is the clearly expressed intention of the legislature that the penalties for all felonies, across the board, increase for a persistent felony offender. Section 46-18-501, MCA; State v. Yorek, 2002 MT 74, ¶ 18, 309 Mont. 238, ¶ 18, 45 P.3d 872, ¶ 18 (“if the underlying charge meets the definition of a felony, and the State has provided proper notice ... a district court possesses the statutory authority to designate and sentence a defendant as a persistent felony offender ....”) (citation omitted).
ISSUE 2
¶26 Whether application of the persistent felony offender statute to increase Wardell’s sentence by twenty years, for a total of twenty-five years with twenty years suspended, creates a sentence so disproportionate that it violates the prohibition against cruel and unusual punishment?
¶27 Wardell argues that his sentence constitutes cruel and unusual punishment because it is excessive when compared to other sentences for failure to register. The State responds that Wardell’s sentence is within statutory parameters and his equity argument is a matter for the Sentence Review Division.
¶28 The general rule in Montana is that a sentence within the statutory maximum guidelines does not violate the prohibition against cruel and unusual punishment. State v. Tadewaldt (1996), 277 Mont. 261, 270-271, 922 P.2d 463, 469. We have recognized an exception to this general rule when “a sentence is so disproportionate to the crime *16 that it shocks the conscience and outrages the moral sense of the community or of justice, it constitutes cruel and unusual punishment.” Tadewaldt, 277 Mont. at 271, 922 P.2d at 469.
¶29 Wardell’s suspended sentence as a persistent felony offender neither shocks the conscience nor does it outrage the moral sense of the community. His original offense was of a type that the legislature has determined requires that his whereabouts be known, in order to protect the community. It is not an outrage that he is subjected to a substantial period of supervision after failing to abide by the registration requirement. Wardell’s sentence is within statutory parameters and his equitability argument is not properly before this Court. See State v. Kern, 2003 MT 77, ¶ 54, 315 Mont. 22, ¶ 54, 67 P.3d 272, ¶ 54. Although we will not review the equity of Wardell’s sentence he may petition for sentence review. See Sentence Rev. Div. R. 7.
CONCLUSION
¶30 The judgment and sentence of the District Court is affirmed.
CHIEF JUSTICE GRAY and JUSTICE RICE concur.

 The record is inconsistent as to the date of Wardell’s prior conviction. Different dates ranging from 1989-1991 are cited. Whether the conviction occurred in 1989,1990, or 1991 does not affect our treatment of the issues. Wardell’s sentence for the prior felony offense was discharged in 1997.