No. 05-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 86N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CINDY RENEA BJORK,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 2003-021,
Honorable Thomas McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Steven M. Hudspeth, Attorney at Law, Great Falls, Montana

       For Respondent:

           Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

           Brant Light, Cascade County Attorney, Steve Bolstad, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  January 24, 2007

Decided:  March 27, 2007

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Cindy Renea Bjork (Bjork) appeals from the order of the Eighth Judicial District Court, Cascade County, denying her motion to dismiss Count I of the amended information. We affirm.

¶3 On January 13, 2003, the State filed an information charging Bjork with Count I: theft of property by embezzlement, a felony, in violation of §§ 45-6-301(7)(a) and 45-6-301(9), MCA (2001). The charge arose from incidents occurring in Great Falls, Montana, on or between October 2000 and September 2002.

¶4 The State thereafter filed an amended information, charging Bjork with two offenses: Count I: theft, a felony, in violation of §§ 45-6-301(1)(a) and 45-6-301(8), MCA (1999), alleging that Bjork purposely or knowingly obtained or exerted unauthorized control over property belonging to another by common scheme between October 1, 1998, to November 31, 2001; and Count II: theft of property by embezzlement, a felony, in violation of §§ 45-6-301(7)(a) and 45-6-301(9), MCA (2001), allegedly obtaining or exerting unauthorized control over property of the person's employer or over property entrusted to the person, occurring between October 1, 2001,

2

and September 30, 2002. On September 12, 2003, the State again filed an amended information, revising dates in Count I to the period between October 1, 2000, and September 30, 2001.

¶5     Bjork filed a motion to dismiss both charges for violating her double jeopardy protections under Article II, Section 25, of the Montana Constitution. Bjork asserted that the charges included five fraudulent checks written by her from August 12, 2002, to August 18, 2002, which were the basis of a misdemeanor theft charge previously filed against her in Cascade County Justice Court, to which she had earlier pled guilty.

¶6     The District Court agreed with Bjork that Count II of the amended information violated Bjork's double jeopardy rights and dismissed that count. However, the court also concluded with regard to Count I—as amended to cover the time period from October 1, 2000, to September 30, 2001—that there was no double jeopardy violation. The court held that "[t]he charged time frame and evidence [did] not overlap with the time frame and evidence upon which Defendant's misdemeanor convictions were based. Accordingly, there [was] no double jeopardy violation as to Count I."

¶7     Bjork argues that the charge under Count I violated her double jeopardy rights because she had previously been convicted in Cascade County Justice Court for five misdemeanor theft charges that were a part of the same scheme as charged for under Count I. Bjork insists that there was only one common scheme that began on October 1, 2000, and ended on September 30, 2002, and not two separate common schemes, one ending on September 30, 2001, and the other beginning on October 1, 2001, as alleged by the State. Therefore, Bjork contends Count I should also have been dismissed.

¶8 "A district court's decision to deny a defendant's motion to dismiss a charge on the basis of double jeopardy presents a question of law that this Court reviews for correctness." *State v. Wardell,* 2005 MT 252, ¶ 11, 329 Mont. 9, ¶ 11, 122 P.3d 443, ¶ 11 (citing *State v. Beavers,* 1999 MT 260, ¶ 21, 296 Mont. 340, ¶ 21, 987 P.2d 371, ¶ 21).

¶9 The double jeopardy protections of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution, prohibit imposition of multiple punishments in a single prosecution for the same offense and multiple prosecutions for offenses arising out of the same transaction. *See State v. Palmer*, 207 Mont. 152, 158, 673 P.2d 1234, 1237 (1983). We cannot conclude that these provisions require Bjork's multifarious activities over a series of two years to be deemed the "same transaction." The State was not prohibited from charging Bjork under a theory of separate offenses occurring during different time periods. *See State v. Savaria,* 284 Mont. 216, 224, 945 P.2d 24, 29 (1997) ("When the facts support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion.") Here, the State did not charge Bjork for any incidents under Count I that were previously charged for in the misdemeanor proceeding.

¶10 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶11     We affirm the judgment of the District Court.


                                        /S/ JIM RICE


We Concur:


/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS