

FILED

09/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0475

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0475

JUSTIN THOMAS MILLER,

Petitioner,

v.

FIRST JUDICIAL DISTRICT COURT,
LEWIS AND CLARK COUNTY, HON.
CHRISTOPHER ABBOTT, Presiding Judge,

Respondent.

FILED

SEP 2 8 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Justin Thomas Miller seeks a writ of supervisory control over the First Judicial District Court directing it to dismiss negligent homicide charges pending against him in Lewis and Clark County Cause No. DDC-2020-615. After a thorough analysis, the District Court rejected Miller's claim that constitutional and statutory double jeopardy protections bar the charges against him. Miller argues, correctly, that this Court will review a double jeopardy claim on supervisory control, as authorized by M. R. App. P. 14(3), before a defendant's exposure to a second trial. *See State v. Burton*, 2017 MT 306, ¶ 18, 389 Mont. 499, 407 P.3d 280. We accordingly accept supervisory control and consider his petition.

Miller, a commercial trucker, learned during an August 6, 2020 Motor Carrier Services (MCS) inspection that his truck's axle had defective or missing parts and loose connecting rods. The MCS officer deemed the trailer unsafe to operate until these defects were addressed. The State alleges that Miller continued to drive the truck without adequately repairing the axle. Five days later, on August 11, 2020, while Miller was driving on Highway 200 within Lewis and Clark County, the rear wheel assembly disconnected from his trailer and struck a passing vehicle, killing the driver. Missoula County cited Miller a month later for violating motor carrier standards, alleging

that Miller committed the offense of "Motor Carrier in Non-Compliance with 49 CFR 396 — 1st Offense" and describing the August 11 violation as "396.7(A) a motor vehicle shall not be operated in such condition as to likely cause an accident or breakdown." The citation alleged the offense occurred in Missoula County at Miller Transport's office at 3670 Big Flat Road. Miller appeared in Missoula County Justice Court, entered a plea of no contest to the citations, and received a fine.

The Lewis and Clark County Attorney, who had not been advised of Missoula County's citations before they were filed, obtained leave to file an Information in the First Judicial District Court and filed charges on November 24, 2020. Before the District Court, Miller sought dismissal of the charges under: (1) the guarantee against double jeopardy found in the Fifth Amendment to the United States Constitution, applicable to the states through operation of the Due Process Clause of the Fourteenth Amendment; (2) the guarantee against double jeopardy found in Article II, Section 25, of the Montana Constitution; and (3) the statutory prohibition on successive prosecutions based on the same transaction found in § 46-11-504(1), MCA. The District Court addressed and rejected each of Miller's arguments. In this original proceeding, Miller challenges only the court's ruling that the Montana Constitution's double jeopardy provision does not bar the pending charges.

This Court applies the *Blockburger* "same elements" test in determining whether multiple convictions based on the same transaction are barred under Article II, Section 25, of the Montana Constitution. *State v. Minez*, 2003 MT 344, ¶ 33, 318 Mont. 478, 82 P.3d 1 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Under this test, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *State v. Savaria*, 284 Mont. 216, 222, 945 P.2d 24, 28 (1997) (quoting *Blockburger*, 284 U.S. at 304). *See also State v. Wardell*, 2005 MT 252, ¶¶ 17-18, 329 Mont. 9, 122 P.3d 443. A court's "inquiry . . . is directed to the elements of proof necessary to establish each [of the offenses

2

charged]." *State v. Coleman*, 185 Mont. 299, 311, 605 P.2d 1000, 1008 (1979). If "each requires proof of elements that other does not . . ., [a] defendant may be convicted and sentenced for both . . . without violating the double jeopardy prohibition even though the counts arose from the same conduct or episode." *Coleman*, 185 Mont. at 311-12, 605 P.2d at 1009. Miller does not challenge the District Court's determination that the negligent homicide charges satisfy the *Blockburger* test.

Miller argues instead—primarily on the strength of selected comments made during the 1972 Constitutional Convention—that the Court should honor a greater protection under the Montana Constitution and apply a "same conduct" test for double jeopardy to prohibit a second prosecution on a new charge arising from a single "transgression against society." Miller suggests that the Court apply a standard the United States Supreme Court once used when it held that in the case of successive prosecutions, the latter is barred "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady v. Corbin*, 495 U.S. 508, 510 (1990). The District Court rejected Miller's analysis, pointing out that "that test . . . was abandoned just three years later in *United States v. Dixon*, 509 U.S. 688, 704 (1993)." The court found no support in the Convention transcripts suggesting an intent to depart from the *Blockburger* standard "outside of the case of separate sovereigns."

Miller also points out that in *State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, 975 P.2d 312, we recognized a greater protection from Article II, Section 25, of the Montana Constitution against multiple punishments for the same offense than that provided by the Fifth Amendment to the United States Constitution. This Court held that applying the weapons enhancement statute to a felony offense when the underlying offense itself requires proving the use of a weapon violates Montana's constitutional protection against double jeopardy. *Guillaume*, ¶ 16. The District Court found *Guillaume* unhelpful here because it addressed a "same prosecution, multiple punishments" situation and "did not

3

decide whether the term 'same offense' has any different meaning under the Montana Constitution[.]"

Miller has not persuaded us that the District Court has made a mistake of law and is causing a gross injustice. M. R. App. P. 14(3)(a). We agree that the Montana Constitution does not bar the negligent homicide charges against him, and the case may proceed to trial.

IT IS THEREFORE ORDERED that the District Court's September 1, 2021 Order denying Miller's motion to dismiss is AFFIRMED.

The Clerk is directed to provide notice of this Order to counsel for the Petitioner, to all counsel of record in Lewis and Clark County Cause No. DDC-2020-615, and to the First Judicial District Court, the Hon. Christopher Abbott, presiding.

Dated this ≤8 day of September, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

4