No. 01-822

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 212

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

TROY ALLEN JACKSON,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable John W. Whelan, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana

            Robert McCarthy, Silver Bow County Attorney; Samm Cox, Deputy County
Attorney, Butte, Montana


                          Submitted on Briefs:  April 25, 2002

                                 Decided:   September 17, 2002

Filed:

                      _____
                                 Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Troy Allen Jackson appeals from an Order Denying Defendant's Motion to Dismiss.  We affirm.

¶2    The following issue is dispositive of this appeal:

¶3    Did the District Court err in relying on Jackson's prior DUI convictions for sentence enhancement purposes?

BACKGROUND

¶4    On January 11, 2001, the State charged Jackson by Information with the felony offense of operating a motor vehicle under the influence of alcohol or drugs (DUI), a fourth or subsequent offense.  Jackson moved the District Court to dismiss the DUI charge.  In doing so, he alleged that two of his three previous DUI convictions were invalid for sentence enhancement purposes.

¶5    Jackson's first DUI conviction was in February 1990.  In that matter, he signed a document that waived his right to counsel when he originally entered a plea of not guilty.  Jackson later pled guilty and signed an Acknowledgment of Waiver of Rights By Plea of Guilty (the "Acknowledgment of Waiver").  In November 1993, the State charged Jackson with a second DUI offense.  On that charge, Jackson had an attorney, went to trial and was found guilty.  The State charged Jackson with his third DUI in November 1997.  He did not have an attorney when he pled guilty in February 1998.

¶6    On August 27, 2001, the District Court denied Jackson's Motion to Dismiss.  Jackson then entered a conditional guilty plea, reserving the right to appeal.  Jackson then appealed the court's Order.

2

¶7   Whether a prior conviction can be used to enhance a criminal sentence is a matter of law.   *See State v. LaPier*, 1998 MT 174, ¶ 8, 289 Mont. 392, ¶ 8, 961 P.2d 1274, ¶ 8.   Our standard of review for a district court's conclusions of law is plenary and we must determine whether the court's conclusions are correct as a matter of law.  *See State v. Okland* (1997) 283 Mont. 10, 14, 941 P.2d 431, 433.   When reviewing a district court's findings of fact, we must determine whether those findings are clearly erroneous.   *See Okland*, 283 Mont. at 14, 941 P.2d at 433.

## DISCUSSION

¶8   Did the District Court err in relying on Jackson's prior DUI convictions for sentence enhancement purposes?

¶9   When a defendant collaterally attacks a prior conviction, a presumption of regularity attaches to the conviction. *See Okland*, 283 Mont. at 18, 941 P.2d at 436.   The defendant, therefore, has the burden of producing direct evidence that the conviction was invalid.  *See Okland*, 283 Mont. at 18, 941 P.2d at 436.   Once a defendant has made this showing, "the burden then shifts to the State to produce direct evidence and to prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights."   *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶10  On appeal, Jackson alleges that the State failed to meet its burden that his 1990 and 1998 DUI convictions were valid.   He asserts that the Acknowledgment of Waiver he signed in 1990 did not

3

include a waiver of the right to counsel. In addition, he claims that Judge Gallagher failed to demand a specific waiver of the right to counsel from him in 1998.

¶11 A defendant's failure to sign a waiver of rights form does not constitute reversible error. *See State v. Brown*, 1999 MT 143, ¶ 19, 295 Mont. 5, ¶ 19, 982 P.2d 1030, ¶ 19. While the State must produce affirmative evidence of the constitutional validity of a defendant's prior conviction, there is no specific type of direct, affirmative evidence necessary for the state to produce. *See Brown*, ¶ 20. Instead, the existence of a waiver of rights form is merely a factor we consider in the totality of the circumstances. *See Brown*, ¶ 20.

¶12 The weight of the evidence and the credibility of witnesses are exclusively in the domain of the district court. *See State v. Couture*, 1998 MT 137, ¶ 17, 289 Mont. 215, ¶ 17, 959 P.2d 948, ¶ 17. Thus, when the evidence conflicts, the district court is in the best position to make the necessary inferences and determine which evidence is more persuasive. *See Couture*, ¶ 17.

¶13 Here, Jackson signed a Waiver of Right to Attorney in 1990. By signing this waiver, Jackson not only waived his right to an attorney but also agreed that he had been advised of his right to counsel. Furthermore, he testified at the May 10, 2001, hearing that he knew that he had a right to counsel when he pled guilty.

¶14 As for the 1998 DUI conviction, Jackson testified during direct examination that he did not remember whether Butte-Silver Bow City Court Judge Thomas Gallagher had advised him that he had

4

the right to counsel. When asked on cross-examination whether he remembered Judge Gallagher telling him that he had the right to have an attorney, he answered "Yes." In addition, Judge Gallagher testified that during Jackson's appearance to plead guilty, he told Jackson that he had a right to have an attorney.

¶15 When given a defendant's affidavit on the one hand and the State's proof on the other, the district court is in the best position to weigh that evidence. *See Couture*, ¶ 18. Here, the State presented the District Court with sufficient proof for it to rely on Jackson's earlier DUI convictions in sentencing. Therefore, we conclude that the District Court did not err in doing so.

¶16 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE