No. 03-787

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 252

STATE OF MONTANA,

> Plaintiff and Respondent,

v.

KIM CONRAD WARDELL,

> Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
                 In and for the County of Flathead, Cause No. DC 98-154A,
                 The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

> For Appellant:
>
> Kristina Neal, Assistant Appellate Defender, Helena, Montana
>
> For Respondent:
>
> Hon. Mike McGrath, Attorney General; C. Mark Fowler,
> Assistant Attorney General, Helena, Montana
>
> Ed Corrigan, Flathead County Attorney, Kalispell, Montana

                          Submitted on Briefs:  October 17, 2005

                                   Decided:  October 18, 2005

Filed:

_____
                    Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Kim Wardell (Wardell) was convicted by a Flathead County jury for failing to register as a sex offender.  Wardell had previously been convicted of a felony in South Dakota, and was sentenced as a persistent felony offender.  He was originally sentenced to forty-five years in prison with thirty years suspended.  He appealed; however, this Court concluded his counsel had not properly preserved the issues for appeal and declined to address Wardell's arguments.  *State v. Wardell*, 2001 MT 148N, 306 Mont. 534.  Wardell then filed a petition for post-conviction relief alleging ineffective assistance of counsel.  The District Court granted his petition and vacated his sentence.  Wardell was re-sentenced to five years for failure to register and twenty years, suspended, as a persistent felony offender.  Wardell appeals, challenging his second sentence.

¶2      We restate the issues before us as follows:

¶3      1. Whether the persistent felony offender statute, § 46-18-501, MCA, violates double jeopardy protections when it is applied to a subsequent conviction for failure to register as a sex offender, and the previous conviction is for the sex offense which triggered the registration requirement?

¶4      2. Whether application of the persistent felony offender statute to increase Wardell's sentence by twenty years, for a total of twenty-five years with twenty years suspended, creates a sentence so disproportionate that it violates the prohibition against cruel and unusual punishment?

¶5      We affirm.

2

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    Wardell was convicted in South Dakota of the felony offense of sexual contact with a child under sixteen. In 1997 Wardell was charged with failure to register as a sex offender, a felony, in violation of § 46-23-507, MCA; three counts of sexual intercourse without consent; and two counts of sexual assault.

¶7    The State filed a timely notice of intent to seek treatment of Wardell as a persistent felony offender pursuant to § 46-18-501, MCA, based upon Wardell's prior sex offense.[1]

¶8    A Flathead County jury found Wardell guilty of failure to register as a sex offender, and not guilty of one count of sexual intercourse without consent and one count of sexual assault. The jury could not reach a verdict on the two remaining counts of sexual intercourse without consent and the remaining count of sexual assault. The State later dismissed those charges. The District Court entered judgment and sentenced Wardell to five years in the Montana State Prison for failing to register.

¶9    Pursuant to the State's request, the District Court also designated Wardell a persistent felony offender under § 46-18-501, MCA, and sentenced him to an additional, consecutive, sentence of forty years in the Montana State Prison, with thirty years suspended.

¶10   Wardell appealed his sentence to this Court. We declined to address Wardell's contentions, because his counsel had failed to properly preserve the issues for appeal. Wardell filed a petition for postconviction relief and the District Court granted his petition

---

[1] The record is inconsistent as to the date of Wardell's prior conviction. Different dates ranging from 1989-1991 are cited. Whether the conviction occurred in 1989, 1990, or 1991 does not affect our treatment of the issues. Wardell's sentence for the prior felony offense was discharged in 1997.

and vacated his sentence. Thereafter, the District Court re-sentenced Wardell to the Montana State Prison for a term of five years for failure to register as a sex offender and an additional, consecutive, twenty years, pursuant to the persistent felony offender statute. The prior offense that qualified Wardell as a persistent felony offender was the South Dakota sex offense that triggered the requirement that he register. It is from this second sentence that Wardell now appeals.

**STANDARD OF REVIEW**

¶11 A district court's decision to deny a defendant's motion to dismiss a charge on the basis of double jeopardy presents a question of law that this Court reviews for correctness. *State v. Beavers,* 1999 MT 260, ¶ 21, 296 Mont. 340, ¶ 21, 987 P.2d 371, ¶ 21.

¶12 Whether a prior conviction can be used to enhance a criminal sentence is a matter of law. *State v. Bingman,* 2002 MT 350, ¶ 55, 313 Mont. 376, ¶ 55, 61 P.3d 153, ¶ 55 (citing *State v. Jackson,* 2002 MT 212, ¶ 7, 311 Mont. 281, ¶ 7, 54 P.3d 990, ¶ 7). Our standard of review for a district court's conclusion of law is plenary and we must determine whether the court's conclusion was correct. *Bingman,* ¶ 55 (citing *Jackson,* ¶ 7).

¶13 It is possible that a sentence, though it be within the maximum sentence allowed by statute, may be so excessive and disproportionate to the circumstances of the offense as to constitute cruel and unusual punishment. *State v. Maldonado* (1978), 176 Mont. 322, 337, 578 P.2d 296, 304-305; *Weems v. United States,* (1910), 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793. However, the general rule is that a sentence within the maximum authorized by statute is not cruel and unusual punishment. *Maldonado,* 176 Mont. at 337, 578 P.2d

4

at 305; *State v. Karathanos* (1972), 158 Mont. 461, 468, 493 P.2d 326, 330.

## DISCUSSION

## ISSUE 1

¶14 **Whether the persistent felony offender statute, § 46-18-501, MCA, violates double jeopardy protections when it is applied to a subsequent conviction for failure to register as a sex offender, and the previous conviction is for the sex offense which triggered the registration requirement?**

¶15 Wardell argues that his conviction for failure to register, and his sentencing as a persistent felony offender, constitute double jeopardy because each relies on the same underlying conviction.

¶16 Conversely, the State argues that independent elements are required for each offense and thus Wardell's conviction and sentence do not constitute double jeopardy.

¶17 The Fifth Amendment to the United States Constitution and Article II, § 25 of the Montana Constitution prohibit placing a person in jeopardy more than once for the same offense. *State v. Minez,* 2003 MT 344, ¶ 33, 318 Mont. 478, ¶ 33, 82 P.3d 1, ¶ 33. Montana law provides greater double jeopardy protection than that guaranteed under federal law. *See State v. Tadewaldt* (1996), 277 Mont. 261, 268, 922 P.2d 463, 467.

¶18 In Montana, a single act may be an offense against two statutes. If each statute requires proof of a fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. *State v. Savaria* (1997), 284 Mont. 216, 222, 945 P.2d 24, 28 (quoting *Blockburger v. United*

5

*States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309). It follows that if a person may be convicted of two crimes, he may be punished for both.

¶19     Wardell was convicted and punished in South Dakota for sexual contact with a child under sixteen, a felony. Later, he was convicted and punished in Montana for failure to register as a sexual offender, a felony. Wardell's punishment in Montana was enhanced pursuant to § 46-18-501, MCA, because of the commission of two separate felonies within a specified period of time. A sentence as an habitual criminal is not to be viewed as a new jeopardy. *State v. Farnsworth* (1989), 240 Mont. 328, 334, 783 P.2d 1365, 1369; *Maldonado*, 176 Mont. at 328, 578 P.2d at 300; *Gryger v. Burke*, (1948), 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683, 1687. The enhanced sentence Wardell received was for commission of the second crime. It did not violate the double jeopardy provisions of either the United States or Montana constitutions.

¶20     In support of his position Wardell relies on authority from other states which prohibit the dual use of a prior conviction as both an element of the present conviction and for sentence enhancement purposes. Some of these states have express statutory language prohibiting the dual use of a prior conviction, other states interpret their statutes to prohibit the dual use. *See State v. Pottoroff* (Kan. App. 2004), 96 P.3d 280, 284 (reviewing Kansas Statute 21-4710(11) providing "[p]rior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties . . . or are elements of the present crime of conviction."); *Wisdom v. State* (Tex. App. 1986), 708 S.W.2d 840, 845 (interpreting V.T.C.A. Penal Code Sec. 12.46 to bar the

6

subsequent use of a prior conviction for enhancement if that same prior conviction is used to prove an essential element of an offense).

¶21    Other states have concluded that their respective legislatures intended that all felony offenders, even those offenders whose subsequent felony is dependent on the underlying felony conviction, be punished under the state's persistent or habitual felony offender statute. *See People v. Tillman* (1999)*, 73 Cal. App. 4th 771, 782 (concluding that its legislature intended to punish all recidivists); *Gholston v. State* (Ala., 1993), 620 So.2d 719, 723 (concluding that its legislature intended that a person previously convicted of a violent felony and subsequently convicted of unlawful possession of a firearm should be sentenced under the Habitual Felony Offender Act just like any other person who has multiple felony convictions); *Woodson v. State* (Ark., 1990), 786 S.W.2d 120, 120 (affirming trial court's ruling that the State could use appellant's prior conviction to prove the first element of the crime of felon in possession of a firearm (i.e., that appellant was a felon), and then allowed the State to use the same prior conviction to enhance appellant's punishment as a habitual offender).

¶22    In *Tillman,* the defendant was convicted of failure to register as a sex offender and he appealed his sentence arguing that the State impermissibly used his prior rape conviction both to establish that he failed to register and as a strike under California's three strikes law. *Tillman,* 73 Cal. App. 4th at 774.  There, the court concluded that such dual usage was proper as the legislature's intent was clear that its three strikes law was intended to apply to all felony offenders.

7

¶23 Like the California statutes, the sentencing statutes in Montana allow Wardell's sentence. Montana's persistent felony offender sentencing scheme expressly applies to an "offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first." Section 46-18-501, MCA. Because Wardell was previously convicted of a felony in South Dakota and was then convicted in Montana for a second, separate, felony; the dual use of his prior conviction is authorized by statute. It is well established that "the role of courts in applying a statute has always been to 'ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.' " *State v. Goebel,* 2001 MT 73, ¶ 16, 305 Mont. 53, ¶ 16, 31 P.3d 335, ¶ 16. Here, we will not add or insert a prohibition against utilizing Wardell's previous felony both as a prior felony for purposes of the persistent felony offender statute and as the felony triggering his duty to register as a sexual offender. "[T]he intent of the Legislature is controlling when construing a statute. 'The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation.'" *Goebel,* ¶ 17. The legislature did not create classes of convicted felons to which the persistent offender statute would apply; nor, did it designate status offenses, such as failure to register as a sexual or violent offender. What the legislature did do was designate failure to register as a felony offense and adopt a persistent felony offender statute that applies to all felony offenders who commit multiple felony offenses within a defined period of time.

¶24 The dissent fails to recognize that the application of the persistent felony offender statute in no way involves the Court's decision in *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829. In *Mount*, the issue was whether the Sexual Offender Registration Act, §§ 46-23-501 to 520, MCA, was punitive and constituted *ex post facto* legislation. *Mount*, ¶ 38. The Court held that it was neither. *Mount*, ¶¶ 89-90. In this case, the issue is entirely different – does a proven violation of the Act, which is a felony under §§ 46-23-507, 45-2-101(23), MCA, that triggers an enhanced sentence because the offender is designated a persistent felony offender, constitute double jeopardy? It does not. Section 46-23-507, MCA, provides that one who fails to register may be sentenced to Montana State Prison for up to five years. Section 46-18-502, MCA, simply changes the penalty provision of § 46-23-507, MCA, because it is the second felony within five years. It is the same offense, with an increased possible penalty. There is no additional, double penalty.

¶25 It is not a crime to be a persistent felony offender. Thus, it cannot constitute double jeopardy to be designated as such. However, it is the clearly expressed intention of the legislature that the penalties for all felonies, across the board, increase for a persistent felony offender. Section 46-18-501, MCA; *State v. Yorek*, 2002 MT 74, ¶ 18, 309 Mont. 238, ¶ 18, 45 P.3d 872, ¶ 18 ("if the underlying charge meets the definition of a felony, and the State has provided proper notice . . . a district court possesses the statutory authority to designate and sentence a defendant as a persistent felony offender . . . .") (citation omitted).

**ISSUE 2**

¶26 **Whether application of the persistent felony offender statute to increase Wardell's sentence by twenty years, for a total of twenty-five years with twenty years suspended,**

**creates a sentence so disproportionate that it violates the prohibition against cruel and unusual punishment?**

¶27 Wardell argues that his sentence constitutes cruel and unusual punishment because it is excessive when compared to other sentences for failure to register. The State responds that Wardell's sentence is within statutory parameters and his equity argument is a matter for the Sentence Review Division.

¶28 The general rule in Montana is that a sentence within the statutory maximum guidelines does not violate the prohibition against cruel and unusual punishment. *State v. Tadewaldt* (1996), 277 Mont. 261, 270-271, 922 P.2d 463, 469. We have recognized an exception to this general rule when "a sentence is so disproportionate to the crime that it shocks the conscience and outrages the moral sense of the community or of justice, it constitutes cruel and unusual punishment." *Tadewaldt,* 277 Mont. at 271, 922 P.2d at 469.

¶29 Wardell's suspended sentence as a persistent felony offender neither shocks the conscience nor does it outrage the moral sense of the community. His original offense was of a type that the legislature has determined requires that his whereabouts be known, in order to protect the community. It is not an outrage that he is subjected to a substantial period of supervision after failing to abide by the registration requirement. Wardell's sentence is within statutory parameters and his equitability argument is not properly before this Court. *See State v. Kern,* 2003 MT 77, ¶ 54, 315 Mont. 22, ¶ 54, 67 P.3d 272, ¶ 54. Although we will not review the equity of Wardell's sentence he may petition for sentence review. *See* Sentence Rev. Div. R. 7.

## CONCLUSION

¶30 The judgment and sentence of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶31    I strongly disagree with the Court's decision.  I would conclude that the use of Wardell's conviction for violation of the Sexual Offender Registration Act (the Act) to place him into Persistent Felony Offender status is contrary to the intent of the Legislature in adopting the Act, and in direct contravention of this Court's analysis of the purpose and spirit of the Act.  I would therefore reverse.

¶32    As the Court correctly notes at ¶ 23, the intent of the Legislature is controlling when construing a statute.   What the Court does not acknowledge is that we have previously determined the intent of the Legislature in adopting the Act.  Our decision here today is completely incongruent with that determination.

¶33    In *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, we were asked to decide whether the Act violated the *ex post facto* clauses of the United States or Montana Constitutions.  In concluding it did not, we applied the "intents-effects" test articulated by the United States Supreme Court in *Smith v. Doe* (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164.  We said that the first step in analyzing an *ex post facto* challenge was to determine the intent of the law.  Noting that the Act itself did not contain a declared purpose, we analyzed the preamble to the Act and the list of legislative concerns set forth therein. These concerns included the danger of recidivism and protection of the public, impairment of law enforcement efforts from lack of information, prevention of victimization and prompt resolution of sexual or violent offenses, the offender's reduced expectation of privacy, and the protection of specific vulnerable groups and the public in general.  *Mount*, ¶ 44.  Taking these matters into account, we said: "Hence, we conclude that the declared purpose of the

12

Act--that of protecting the public--is nonpunitive for purposes of the first prong of our 'intents' analysis." *Mount*, ¶ 45. We then turned to the question of whether the structure of the Act itself was nonpunitive. At ¶ 48 of our Opinion, we concluded "that the fact that the Act is codified in the code of criminal procedure does not, in and of itself, transform the *Act's nonpunitive, civil regulatory scheme* into a criminal one." (Emphasis added.) We therefore held that both the legislative intent and structure of the Act were nonpunitive.

¶34 Turning next to the "effects" step in our "intents-effects" analysis, we applied the seven *Mendoza-Martinez* factors articulated in *Smith*, 538 U.S. at 97, 123 S.Ct. at 1149, 155 L.Ed.2d 179. After analyzing the seven factors, we concluded that the effect of the Act was nonpunitive as well, noting among other things that the Act imposed no affirmative restraint or disability on Mount, that the Act was not retributive in effect, and that the Act did not impose criminal sanctions on Mount for previous conduct. *Mount*, ¶ 89.

¶35 What we said in *Mount* has evidently been relegated to the dustbin. For now, we are taking Wardell's conviction under this non-retributive "civil regulatory scheme" and using it to elevate Wardell to the status of a persistent felony offender, with all of the attendant life-long disabilities. While undeniably violation of the Act will subject one to a criminal sanction, it should not, if regulatory and nonpunitive in intent, be used in the breach as an instrument to enhance punishment. I submit that if we allow Wardell's persistent felony offender conviction to stand, premised as it is solely upon his conviction under the Act, then we must overrule *Mount*. Either the intent and effect of the Act is nonpunitive as we unequivocally declared in *Mount*, or it is punitive, as we have effectively declared here today. We cannot have it both ways.

13

¶36    I would hold that a conviction for failure to register under the Act cannot provide *the* predicate offense for purposes of enhancing a criminal sentence under Montana's persistent felony offender statute.  I dissent from our refusal to so rule.


                                        /S/ PATRICIA O. COTTER


Justice James C. Nelson joins in the dissent of Justice Patricia O. Cotter.


                                        /S/ JAMES C. NELSON

Justice James C. Nelson dissents.

¶37    I join Justice Cotter's dissenting Opinion.  I respectfully suggest that Justice Leaphart's concurrence misses the mark.

¶38    In each of the examples Justice Leaphart uses to support his argument that punitive sanctions do not undo the non-punitive regulatory scheme--i.e., drivers' licensing and occupational licensing--the penalty statutes specifically make a violation of the regulatory scheme a criminal offense and, typically, provide for imprisonment and a fine.[1] These statutes specifically provide that a violation of the regulatory scheme *is* a misdemeanor or offense and *is* or *shall be* punishable by way of a specified fine and imprisonment.  See the various statues listed in footnote 1.

---

[1]    *See* §§ 61-5-307 (drivers license); 37-3-325 (practice of medicine); 37-4-326 and 327 (practice of dentistry); 37-6-312 (practice of podiatry); 37-7-323 (practice of pharmacy); 37-8-443 (practice of nursing); 37-9-312 (nursing home administrators); 37-10-313 (practice of optometry); 37-11-322 (practice of physical therapy); 37-12-324 (practice of chiropractic); 37-13-316 (practice of acupuncture); 37-14-323 (radiologic technologists); 37-15-322 (speech-language pathologists and audiologists); 37-16-413 (hearing aid dispensers); 37-17-312 (psychologists); 37-18-501 (practice of veterinary medicine); 37-19-501 (morticians and funeral directors); 37-19-831 (those who perpetually maintain cemeteries); 37-21-406 (dietitians); 37-22-411 (social workers); 37-23-311 (professional counselors); 37-24-311 (occupational therapists); 37-26-414 (naturopathic physicians); 37-27-325 (practice of direct-entry midwifery); 37-28-302 (respiratory care practitioners); 37-29-412 (practice of denturitry); 37-31-334 (practice of barbering, cosmetology, electrology, esthetics, and manicuring); 37-34-307 (clinical laboratory science practitioners); 37-35-302 (addiction counselors); 37-40-312 (sanitarians); 37-42-322 (water treatment plant operators); 37-43-312 (water well contractors); 37-47-344 (outfitters and guides); 37-50-342 (public accountants); 37-51-323 (real estate brokers and salespersons); 37-53-506 (timeshare sales); 37-60-411 (private investigators and patrol officers); 37-61-214, 409 and 415 (attorneys at law); 37-65-322 (practice of architecture); 37-66-322 (practice of landscape architecture); 37-67-332 (engineers and land surveyors); 37-68-322 (electricians); 37-69-324 (plumbers); 37-72-102 (construction blasting); and 37-76-118 (athletic agents).

¶39    While the courts do not seem to pay much attention to the actual language of the penalty section of the Sexual or Violent Offender Registration Act (the Act), that section provides as follows:

> **Penalty**.  A sexual or violent offender who knowingly fails to register, verify registration, or keep registration current under this part *may* be sentenced to a term of imprisonment of not more than 5 years or *may* be fined not more than $10,000, or both.  [Emphasis added.]

Section 46-23-507, MCA.  From the plain and unambiguous language of this section, two points are evident.  First, the penalty section does *not* state that a violation of the Act is a criminal offense--contrary to the examples used by Justice Leaphart.  Second, and again contrary to Justice Leaphart's examples, punishment for failing to register, verify or keep current is purely discretionary with the trial court.  Section 46-23-507, MCA, does *not* require that a person violating the Act be punished in any way whatsoever.  The Legislature's use of the word *may* in granting the court sentencing authority is not a mandatory directive. *See Matter of Investigative Records* (1994), 265 Mont. 379, 381-82, 877 P.2d 470, 471 ("The word 'may' is commonly understood to be permissive or discretionary.  In contrast, 'shall' is understood to be compelling or mandatory.") (internal citations omitted).  On a defendant's failure to register, verify or keep current, the trial judge *may* impose a penalty ranging from no penalty up to imprisonment for five years or up to a $10,000.00 fine or both.

¶40    This sort of discretionary penalty provision is in keeping with the non-punitive, regulatory scheme which we discussed at length in *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, and which Justice Cotter has, once again, explained in her dissenting Opinion.  The Act is non-punitive and regulatory, and its unique penalty section furthers the

16

Legislature's intent that the Act's purpose is for gathering and disseminating[2] information about sexual and violent offenders--not for creating a separate criminal offense to punish persons for failing to register.

¶41     That takes us to the persistent felony offender statutes, Title 46, Chapter 18, Part 5, Montana Code Annotated. A "persistent felony offender" is an offender who has previously been convicted of a felony and who is "presently being sentenced for a second felony committed on a different occasion than the first." Section 46-18-501, MCA. According to the majority, the second felony is Wardell's failure to register under the Act. The fallacy of this argument is that a failure to register under the Act is not designated as a felony, as a misdemeanor, or, in fact, as any criminal offense whatsoever. While the penalty section of

---

[2]   The Preamble attached to Ch. 375, L. 1997, provides:

WHEREAS, the Legislature finds that the danger of recidivism posed by sexual and violent offenders and the protection of the public from these offenders is of paramount concern to government and the people; and

WHEREAS, the Legislature further finds that law enforcement agencies' efforts to protect their communities, conduct investigations, and apprehend sexual and violent offenders is impaired by the lack of information about offenders who live within their jurisdictions; and

WHEREAS, the system of registering sexual and violent offenders provides law enforcement with information critical to preventing victimization and to resolving incidents of sexual or violent offenses promptly, including notification of the public when necessary to the continued protection of the community; and

WHEREAS, persons who have committed a sexual or violent offense have a reduced expectation of privacy because of the public's interest in safety; and

WHEREAS, the Legislature finds that releasing information about sexual or violent offenders to law enforcement agencies and, under certain circumstances, providing access to limited information about certain sexual offenders to the general public will further the primary governmental interest of protecting specific vulnerable groups and the public in general from potential harm.

THEREFORE, it is the policy of the State of Montana to assist local law enforcement agencies' efforts in protecting their communities by requiring that sexual or violent offenders register and to authorize the release of necessary and relevant information about sex offenders to the public.

the Act allows the trial judge to discretionarily impose a sanction, this section not only does not require that any sanction be imposed, nor does it specify that the allowable sanction is punishment for a criminal offense.[3]

¶42 Justice Leaphart's analogies actually prove the dissent. Non-punitive regulatory schemes may impose criminal sanctions, but, as demonstrated by the concurrence, those that do specifically state that a violation of the regulatory scheme is a criminal offense, and they impose a non-discretionary fine or term of imprisonment.

¶43 The Act does neither because it is a civil, regulatory scheme. A violation of the Act is not a felony offense which can be used under the persistent felony offender statute for sentence enhancement purposes.

---

[3] Since the trial courts and this Court simply presume that § 46-23-507, MCA, imposes a criminal sanction, it is inevitable now that this section, perhaps the whole Act, and our decision in *Mount* will be subject to further constitutional challenge. For example, two defendants, both sexual offenders, are required, but fail to register under the Act. Both have committed other, similar felonies within five years of their failure to register. Defendant Smith appears before Judge Softouch and the Judge, exercising his discretion, imposes no sentence whatsoever for Smith's failure to register. Defendant Jones appears before Judge Hardball and the Judge, exercising his discretion, imposes a term of imprisonment of five years and a $10,000.00 fine for failing to register, and an additional term of 60 years and a fine of $10,000.00 under the persistent felony offender statute. We have, thus, effectively created a crime--failure to register--which may be severely punished, lightly punished, or punished not at all in the sole discretion of the sentencing judge. One is reminded of the umpire's response when asked how he could tell a ball from a strike. He replied, "Balls or strikes; strikes or balls. They ain't nothing, 'til I call 'em." The same is true here. Failure to register can be a felony or a misdemeanor or nothing at all. It all depends on how the judge calls it.

¶44    With this additional explanation, I join Justice Cotter's dissent.

/S/ JAMES C. NELSON

Justice W. William Leaphart specially concurring.

¶45    I concur in the result reached by the majority.  In analyzing our decision in *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829 (to which I dissented), the Court and the dissenters are ships passing in the night. The dissent invokes our holding in *Mount* that the Sexual Offender Registration Act is "nonpunitive" in nature and, thus, the Act does not constitute an *ex post facto* law.  The dissent reasons that, since the Act is nonpunitive, a violation of the Act cannot be used to further "punish" the defendant by subsequently elevating the defendant to the status of a persistent felony offender.

¶46    The problem is that both the Court and the dissent fail to recognize the basic distinction between *Mount* and the present case.  *Mount* focused on the Act's requirement that a sexual offender register and disclose certain information and determined that the "registration and disclosure" requirements did not impose an affirmative restraint or disability on Mount.  *Mount*, ¶ 56.  The focus of the present case is not on the Act's requirement that an offender register, but rather the criminal sanction imposed by the Act if a sex offender *fails to register.* When we concluded in *Mount* that the registration requirement was not punitive, we were not thereby concluding that the sanction for failure to register was also not punitive.  *See Mount*, ¶ 68 (indicating that Mount's violation of the registration requirement occurred *after* enactment of the Act, and so was not at issue in his *ex post facto* challenge to the Act's registration requirement nor in our analysis of the intent and effect of the Act); *accord Russell v. Gregoire* (9th Cir. 1997), 124 F.3d 1079, 1088,

noting that no *ex post facto* problem exists when one is punished for failure to register under Washington's sexual offender registration act). Contrary to Justice Nelson's view, we observed that failure to register is an "offense"[1] that subjects one to "*criminal prosecution.*" *Mount*, ¶ 55 (emphasis added). The court's discretion in imposing imprisonment as a penalty does not change the punitive character of any prison sentence that is imposed.[2]

¶47 The Act as a whole may be nonpunitive despite the fact that it is enforced by punitive criminal sanctions. We concluded that the registration requirement was nonpunitive after applying the test articulated by the United States Supreme Court in *Smith v. Doe* (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.E.2d 164. As we did in *Mount*, the *Smith* Court notes that Alaska's Sex Offender Registration Act is "enforced by criminal penalties," and further declares that, "[i]nvoking the criminal process in aid of a statutory regime does not render the statutory scheme itself punitive." *Smith*, 538 U.S. at 96, 123 S.Ct. at 1149, 155 L.Ed.2d at 179.

---

[1]Incidentally, the offense may be a felony if the offender, upon conviction, is sentenced to more than one year in prison. Section 45-2-101(23), MCA (2005); *see also State v. Ballard* (1982), 202 Mont. 81, 86, 655 P.2d 986, 988 ("[u]nder Montana law an offense is not classified as a misdemeanor or felony until the sentence is imposed"); *State v. Yorek*, 2002 MT 74, ¶ 20, 309 Mont. 238, ¶ 20, 45 P.3d 872, ¶ 20 (finding that the sentence of thirteen months "meets the definition of a felony" despite the court's option to impose a penalty of one year or less).

[2]Several specifically designated crimes allow the court to exercise its discretion in determining whether to sentence offenders to imprisonment, a fine or neither. *See, e.g.*, § 45-8-209(2), MCA (2005) (harming a police dog); § 45-8-208(1), MCA (2005) (public display or dissemination of obscene material to minors); § 45-8-212(2), MCA (2005) (criminal defamation).

¶48 The situation is no different than the requirement that a person must have driver's license to drive in the State of Montana. Section 61-5-102, MCA.[3] Like the Act's requirement that a sex offender register, the requirement that you obtain a driver's license is regulatory and nonpunitive in nature. The fact that the regulatory requirement that you have a driver's license is nonpunitive does not, as the dissent would reason, mean that the sanction for driving without a license must also be nonpunitive. The criminal sanction for not having a license is clearly punitive. Section 61-5-307, MCA. The fact that the penalty for failure to have license is punitive does not mean that the requirement that you have a license is also punitive. In similar fashion, the fact that the sanction for failure to register as a sex offender is punitive, is not inconsistent with our holding in *Mount* that the Act's registration requirement is nonpunitive.

¶49 In light of the above distinction, I concur with the Court.


/S/ W. WILLIAM LEAPHART


Justice Jim Rice joins in the foregoing concurrence of Justice Leaphart.


/S/ JIM RICE

---

[3] The same analogy holds for the punitive sanction imposed for failure to hold a regulatory license to practice medicine, § 37-3-325, MCA.